# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5096 | **DATE** | 3/28/2003 |
| **CASE TITLE** | Thomas Levitan et al vs. John B. McCoy, Jr. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Plaintiff's motion for class certification [40-1] with the modification that the class shall exclude all shareholders who sold their stock prior to 8/24/1999.**
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 3 1 2003 | |
| | Notified counsel by telephone. | | date docketed | 75 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS LEVITAN, JANICE FREDO, and BLAINE RICHARDSON, individually and on behalf of all others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> JOHN B. McCOY, Jr., RICHARD J. LEHMANN, MICHAEL J. McMENNAMIN and BANK ONE CORP., <br><br> Defendants. | ) ) ) ) ) ) No. 00 C 5096 ) ) ) Wayne R. Andersen ) District Judge ) ) ) ) ) ) ) ) |

## MEMORANDUM, OPINION AND ORDER

Lead Plaintiffs, Thomas Levitan, Janice Fredo, and William Syll, Jr., bring this putative class action on behalf of themselves and those similarly situated against Defendants, Bank One Corporation ("Bank One"), John B. McCoy, Richard J. Lehmann, and Michael J. McMennamin (collectively, the "Defendants"). Plaintiffs now move for class certification pursuant to Fed.R.Civ.P. 23. Defendants oppose Plaintiffs' motion on the basis that the proposed class representatives do not satisfy the requirements of Fed. R. Civ. P. 23(a), lead counsel has an alleged conflict with the class, and the proposed class definition is too broad. For the following reasons, we grant Plaintiffs' motion for class certification, although we will exclude from the class those persons who sold their stock prior to August 24, 1999.

## BACKGROUND

Lead Plaintiffs bring this case on their own behalf and on behalf of persons who exchanged their shares of First Commerce Corporation ("First Commerce") common stock for

shares of Old Banc One common stock in connection with the merger of the two companies and pursuant to the Registration Statement and Merger Proxy/Prospectus launching that merger. In that merger, Lead Plaintiffs and all other First Commerce stockholders received 1.408 shares of Old Banc One common stock in exchange for each share of First Commerce common stock held by them. The merger was consummated on June 12, 1998. In connection with that merger, plaintiffs allege the following.

Prior to, and at the time of the merger, Old Banc One represented that one of the major strengths of its operations was the tremendous growth reported at its credit card division, First USA Bank, N.A. ("First USA"), which was the third largest credit card issuer in the country at the time. This enormous growth was reflected in Old Banc One's financial statements, which were included in the Registration Statement.

The growth reported by Old Banc One at First USA, however, allegedly was achieved, in large part, through undisclosed illegal practices, including, improper billing procedures and charging excessive late fees and interest to its credit card customers. These practices allegedly violated the Federal Truth In Lending Act ("TILA") and also rendered Old Banc One's financial statements false and misleading in that they did not comply with Generally Accepted Accounting Principles ("GAAP") or otherwise present Old Banc One's financial condition fairly. On July 31, 1998, Old Banc One merged with First Chicago NBD and the new entity is known as Bank One Corporation. ("Bank One").

On August 24, 1999, Bank One issued a press release announcing a reduction to its projected earnings estimates for 1999. On November 10, 1999, Bank One announced a further reduction in its earnings expectations for 1999. Following these announcements, the price of

2

Bank One's common stock dropped. A series of lawsuits were filed challenging Bank One's reporting of historical earnings.

A class action has been certified on behalf of First Chicago shareholders in the consolidated First Chicago Shareholder Actions ( # 00 C 767) and on behalf of Old Banc One shareholders in the Old Banc One Shareholder Action ( 00 C 2100). The Complaint in this case (hereinafter referred to as the "First Commerce case") is virtually identical to the consolidated complaint in the First Chicago and Old Banc One shareholder actions. The First Commerce Complaint alleges that the Registration Statement and Proxy/Prospectus issued in connection with First Commerce's merger with Old Banc One, as well as the 1997 Form 10K and first quarter 1998 Form 10Q incorporated into those documents, contain false and misleading statements and omissions. The alleged misrepresentations all focus on First USA. The Complaint alleges that First USA's payment processing and charging of late fees violated TILA and that Old Banc One's financial statements regarding actual earnings were artificially inflated by the alleged TILA violations. The Complaint alleges claims against Defendants under Sections 11 and 12(a)(2) of the Securities Act, the same statutes at issue in the First Chicago and Old Banc One Litigation.

Prior to the reassignment of this case to this Court from the docket of Judge Coar, Judge Coar appointed the following persons to serve as Lead Plaintiffs as required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a) et seq.: Thomas Levitan, William H. Syll, Jr., Anna P Caradonna and Janice C. Fredo, as Joint Tenants with Right of Survivorship, and Blaine Richardson. Mrs. Caradonna died after the appointment and Mr. Richardson has determined that he no longer wishes to represent the class in the case. Lead Plaintiffs all were shareholders of First Commerce, and they have all signed Plaintiff Certification affidavits.

Plaintiffs now bring a motion to certify a class of former First Commerce shareholders and ask this Court to appoint Fredo, Levitan, and Syll as representatives of the class and to appoint Edwin Mills of Stull, Stull & Brody and Joseph Weiss of Weiss & Yourman as Co-Lead Counsel. In addition, Plaintiffs request that Robert Allison of Robert D. Allison & Associates be appointed as Liaison Counsel for the class.

## DISCUSSION

### I. Class Certification Is Particularly Appropriate In Securities Cases

The Seventh Circuit Court of Appeals has liberally construed Rule 23 in shareholder suits. *See King v. Kansas City Southern Industries, Inc.*, 519 F.2d 20, 25-26 (7th Cir. 1975). Courts in this district recognize that:

> securities fraud cases are uniquely situated to class action treatment since the claims of individual investors are often too small to merit separate lawsuits. The class action is thus a useful device in which to litigate similar claims as well as an efficient deterrent against corporate wrongdoing.

*Gilbert v. First Alert, Inc.*, 904 F. Supp. 714, 719 (N.D. Ill. 1982). A class action is often the most fair and practicable means to address claims in securities cases. *Brosious v. Children Place Retail Stores*, 189 F.R.D. 138, 147 (D.N.J. 1999) ("[c]lass actions are often the most fair and practical vehicle for plaintiffs' claims in securities suits because 'those who have been injured are in a poor position to seek legal redress' . . . because individual claims might be small in monetary value, they might not be prosecuted on an individual basis due to the costs of litigation"). *See also Endo v. Albertine*, 147 F.R.D. 164 (ND. Ill. 1993) (certifying plaintiff class under § 11 of the 1933 Act).

### II. The Proposed Class Meets the Prerequisites of Rule 23(a).

A suit may be maintained as a class action if it satisfies the four prerequisites of Rule 23(a)

and, in addition, meets the conditions of one of the subsections of Rule 23(b). *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993); *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992), *cert. denied, Livaditis v. Rosario*, 506 U.S. 1051 (1993).

Rule 23(a) provides:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

In this case, Defendants do not challenge whether this action satisfies the numerosity and commonality requirements of Rule 23(a). Nevertheless, we will proceed to analyze each sub-part of Rule 23(a) to determine whether class certification is appropriate.

A. The Numerosity Requirement is Satisfied.

In determining whether a class meets the numerosity requirement, a court can apply common sense to the facts available. *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992). Although "a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members," *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981), there is no magic number needed to establish numerosity. *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995).

In this case, the Company issued, pursuant to the Registration Statement, approximately 62,599,680 shares of Old Banc One common stock to First Commerce shareholders in connection with the merger. In addition, First Commerce shareholders surrendered approximately 44,460,000 shares of First Commerce stock in connection with the merger. Courts in this district have granted

class certification to groups smaller than 30. *See, e.g., Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986); *Zeidman*, 651 F.2d at 1038 (class with as few as 25 or 30 members certified in securities action); *Manning v. Consumer Discount Co.*, 390 F. Supp. 320 (E.D. Pa. 1975), *aff'd*, 533 F.2d 102 (3d Cir. 1976), *cert. denied*, 429 U.S. 865 (class of 14 certified). Therefore, the class in this case clearly satisfies the numerosity requirement.

In addition, Rule 23(a)(1) provides that a class action may be maintained only if "joinder of all members is impracticable." To demonstrate that joinder is impracticable, the class representatives "only need to show that it is extremely difficult or inconvenient to join all members of the class." C.A. Wright, A. Miller & N. Kane, Federal Practice and Procedure, § 1762 at 159 (2d ed. 1986). In this case, it would be extremely difficult to join the thousands of members of the class. Therefore, we find that the requirements of Rule 23(a)(1) have been met because the class is so numerous that joinder of all members is impracticable.

### B. Common Questions Of Law Or Fact Are Present.

Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact among class members. The commonality requirement has been characterized as a "low hurdle, easily surmounted." *Scholes*, 143 F.R.D. at 185. Common questions exist when, despite the existence of individual issues among class members, there is a common nucleus of operative facts. *Rosario*, 963 F.2d at 1017-18; *Beale v. Edgemark Financial Corp.*, 164 F.R.D. 649, 654 (N.D. Ill. 1995). This element is satisfied when each class member's claim hinges on the same conduct by the defendants. *Beale*, 164 F.R.D. at 658.

The present case involves several common questions that relate to Defendants' conduct including, but not limited to:

(a) whether Defendants' actions alleged herein violate Sections 11, 12(2) & 15 of the Securities Act of 1933, 15 U.S.C. §§ 77a, et seq.; and

(b) whether Defendants' Registration Statement containing the Merger Proxy/Prospectus contained materially false and misleading statements of fact.

Courts have repeatedly held that cases like this one, which proceed primarily under Section 11 of the 1933 Act, are particularly well-suited to class treatment and satisfy the commonality requirement of Rule 23(a)(2). *See, e.g., Brosious v. Children's Place Retail Stores*, 189 F.R.D. 138, 147 (D.N.J. 1999); *Zinberg*, 138 F. R.D. at 410. This is so because Section 11 claims require only a material misstatement or omission in a Registration Statement to prove liability. *Endo v. Albertine*, 1995 WL 170030 (N.D. Ill.) ("'Section 11 of the Securities Act . . . provides an express cause of action for damages to a person acquiring securities pursuant to a registration statement that misstates or omits a material fact'"). In Section 11 cases, typically the only individual issue is a calculation of the damages which each individual class member suffered.

For these reasons, we find that the commonality requirement of Rule 23(a)(2) has been met.

C. Typicality Is Present.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) requires the Court to determine whether the representative plaintiffs' claims have the same essential characteristics as the claims of the class at large. *De la Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). *See also Beale*, 164 F.R.D. at 654. A finding that commonality exists generally results in a finding that typicality also exists. *Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 164 F.R.D. 659, 664 (N.D. Ill. 1996). The Rule does not require that each member of a class suffer exactly the same injury as the named class representative. *Tidwell v. Schweiker*, 677 F.2d 560, 586 (7th Cir. 1982), *cert. denied*, 461 U.S. 905 (1983). Even when factual differences exist, similarity of legal theory

satisfies the requirement. *De la Fuente,* 713 F.2d at 232-33.

This case satisfies the typicality requirement because Plaintiffs allege that Defendants committed the same unlawful acts affecting the entire class. *Rosario,* 963 F.2d at 1018; *Scholes,* 143 F.R.D. at 185-86. Indeed, Plaintiffs and members of the class were provided with the same allegedly false Registration Statement and Merger Proxy/Prospectus and will use the same evidence to prove their case. The essential issue of the Plaintiffs' case-- whether the Registration Statement contained material misstatements of fact or omissions — is typical of the class members' claims. No more is required to satisfy the typicality requirement. *See, e.g., Scholes,* 143 F.R.D. at 186; *Brosious,* 189 F.R.D. at 146; *Hoxworth v. Binder, Robinson & Co.,* 980 F.2d 912, 923 (3rd Cir. 1992) (plaintiffs' claim meets the typicality requirement if the claim "arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and . . . [are] based on the same legal theory").

For these reasons, we find that Plaintiffs have met the typicality requirement of Rule 23(a)(3).

D. Plaintiffs Will Adequately Represent the Class.

To satisfy the adequacy of representation requirement, Plaintiffs must show that: (1) the proposed representatives do not have "antagonistic or conflicting claims with other members of the class;" (2) the proposed representatives have "sufficient interest in the outcome of the case to ensure vigorous advocacy;" and (3) their counsel is "competent, qualified, experienced and able to vigorously conduct the litigation." *Sebo,* 188 F.R.D. at 316 (citation omitted). "Basic consideration[s] of fairness require that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representative at all stages of the litigation where absent members will be bound by the court's judgment." *Susman v. Lincoln Am. Corp.,* 561 F.2d 86,

89-90 (7th Cir. 1977). "[A] court must in the broadest sense be satisfied that the fiduciary duties and responsibilities of the class representative and class counsel will be conscientiously, fairly, and justly discharged in order to protect the interests of the class." *Ballan, 159* F.R.D. at 479.

Here, the adequacy requirement is satisfied. Plaintiffs have retained counsel who are very well qualified, experienced, and able to conduct the proposed litigation. Plaintiffs' counsel have extensive experience in securities class action litigation and have successfully prosecuted class actions throughout the country. *See In re Glassine and Greaseproof Paper Antitrust Litig.*, 88 F.R.D. 302, 306 (E.D. Pa 1980) (when plaintiffs are represented by experienced, able counsel familiar with class litigation, "there is no ground for supposing that plaintiffs will not adequately represent the class").

Defendants argue that the proposed class counsel, Edwin Mills, of Stull, Stull & Brody has a conflict with the class because he is representing an individual shareholder in the First Chicago litigation. The Stull law firm filed a complaint in the First Chicago litigation on behalf of Max Grill, a former First Chicago shareholder who sought to represent the class. While this Court appointed a different lawyer from a different law firm as lead counsel in that case, Mr. Mills is still the counsel of record representing Max Grill in the First Chicago case.

Defendants argue, and we agree, that the representation of plaintiffs in both the First Chicago case and this case could create a conflict of interest. In the First Chicago case, plaintiffs claim that First Chicago shareholders were injured by the merger with Old Banc One due to the alleged improprieties at First USA. Plaintiffs in this case claim that First Commerce/Old Banc One shareholders were injured by the merger with First Chicago due to the same alleged improprieties. If plaintiffs in the First Chicago case succeed, then the First Commerce/Old Banc One shareholders

could not have been injured because if one side of the merger received more value than its contribution to the combined company warranted, then the other side received less value than it was entitled to. As a result of these competing claims, the First Commerce/Old Banc One and First Chicago shareholders have a conflict of interest.

As a consequence, we find that a conflict could exist as a result of Mr. Mills' representation of a plaintiff in the First Chicago case and the proposed class in this case. However, Mr. Mills and the Stull firm have agreed to withdraw their representation of Max Grill in the First Chicago litigation. Therefore, we foresee no problem with Mr. Mills and the Stull law firm adequately representing the class in this case. Because we find Counsel to be competent, experienced, and able and free of conflict, we find that Counsel will adequately represent the class. We also find that the Lead Plaintiffs Levitan, Fredo, and Syll will adequately represent the class. They have no interests with respect to this litigation that conflict with, or are antagonistic to, the interests of absent class members. Moreover, Lead Plaintiffs Levitan, Fredo, and Syll and all Class members allegedly were injured by the identical alleged wrongful conduct of Defendants and it is in Plaintiffs' interest to vigorously prosecute this action on behalf of the Class. The Lead Plaintiffs have all sworn that they are prepared to appear for trial and deposition, and their testimony at their depositions indicates that they are committed to the litigation of this case. The Lead Plaintiffs have all testified at their depositions that they understand the nature of the case and their role as class representatives. Therefore, we find that Lead Plaintiffs will adequately represent the class.

III. The Proposed Class Satisfies the Requirements of Rule 23(b)(3).

The proposed Class also satisfies the requirements of Rule 23(b)(3) which provides:

that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Each of the requirements is met in this case.

A. Common Questions Predominate.

While common questions of law or fact must predominate, they need not be exclusive. *Scholes v. Moore*, 150 F.R.D. 133, 138 (N.D. Ill. 1993). To determine whether common questions predominate, courts look to whether there is a "common nucleus of operative facts." *Ziemack*, 163 F.R.D. at 535 (citing *Rosario*, 963 F.2d at 1018). A court should direct its inquiry primarily toward the issue of liability, rather than damages, in determining whether common questions predominate. *Beale*, 164 F.R.D. at 658.

Defendants' alleged misstatements and omissions of material fact to members of the Class are at the core of the Complaint. The issues of law and fact that flow from Defendants' alleged misstatements and omissions predominate over any individual issue. Therefore, we find that common questions of law and fact predominate. *Id. See also Scholes*, 150 F.R.D. at 138 (finding predominance of common issues notwithstanding variance in material information); *Rosario* at 1018 ("[a] common nucleus of operative fact is usually enough to satisfy the commonality requirement") (citing *Franklin v. City of Chicago*, 102 F.R.D. 944, 949-50 (N.D. Ill. 1984)).

B. A Class Action is Superior.

A class action in this case is superior to other means of adjudication for several reasons. First, there is a common core of law and fact pertaining to Defendants' alleged misrepresentations and omissions in connection with the merger of First Commerce and Old Banc One. Accordingly,

11

class treatment is a more efficient means of adjudicating this matter than the myriad individual suits that potentially could be filed in the absence of class certification. *See Basile*, 105 F.R.D. at 508. *See also Research Corp. v. Pfister Associated Growers, Inc.*, 301 F. Supp. 497, 503 (N.D. Ill. 1969). Indeed, any alternative to this class action could create duplication of actions, the very "evil that Rule 23 was designed to prevent." *Califano v. Yamasaki*, 442 U.S. 682, 690 (1979). Such "[s]eparate actions by each of the class members would be repetitive, wasteful and an extraordinary burden on the courts." *Kennedy v. Tallant*, 710 F.2d 711, 718 (11th Cir. 1983).

Second, Class members will benefit from class treatment because litigation costs are high and it is, therefore, unlikely that shareholders will prosecute individual claims. *See Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1164-65 (7th Cir. 1974). A class action is a superior means to adjudicate claims of class members who would be overwhelmed by Defendants' enormous resources if they attempted to prosecute their individual claims. *Chandler*, 162 F.R.D. at 310; *Alexander*, 124 F.R.D. at 185.

Third, principles of judicial economy and efficiency favor trying this case in one action rather than forcing Class members to litigate identical claims individually. *Scholes*, 143 F.R.D. at 189 ("judicial economy and efficiency, as well as consistent judgments, are achieved by certifying the class"). Under these circumstances, class certification is the best way to manage this situation which could otherwise disintegrate into piecemeal adjudication of many individual actions involving essentially identical questions of law and fact.

Finally, this matter does not present significant management problems. Rule 23 was designed for this exact type of case. In this case, there is no realistic alternative to class action treatment. For all of these reasons, we find that the requirements of Rule 23 (a) and (b)(3) have been

met. Therefore, this action is suitable to maintain as a class action.

IV.     The Proposed Class Definition Is Too Broad

The final issue to be addressed is the definition of the Class. Plaintiffs request the certification of a class including *all* former First Commerce shareholders who exchanged their shares for Old Banc One stock. This proposed class, however, includes shareholders who suffered no injury from the Defendants' alleged wrongdoings. Based upon the statutory calculation of damages, former First Commerce shareholders who sold their stock prior to August 24, 1999, suffered no injury and should be excluded from the class.

Sections 11 and 12(a)(2) define the limits of a plaintiff's recovery for the alleged wrong. If the purchaser has sold his or her stock prior to the filing of the suit, section 11 provides that his or her damage "shall represent the difference between the amount paid for the security.., and the price at which such security shall have been disposed of in the market before suit." 15 U.S.C.§ 77k(e). Under section 12(a)(2), "a plaintiff who has sold his securities computes damages by taking the consideration paid for the security, reduced by the amount received for the security upon its sale and any income received." *Nielson v. Greenwood,* No. 91 C 6537, 1996 WL 563539, *8(N.D. Ill. Oct. 1, 1996). Under both provisions, if the plaintiff sells her stock for an amount greater than the purchase/acquisition price, she has suffered no damages. *PPM America, Inc. v. Marriott Corp.,* 853 F. Supp. 860, 876 (D. Md. 1994). If a former First Commerce shareholder earned a profit on his or her stock, he or she cannot now seek damages under Section 11 or 12. Such shareholders must be excluded from the class.

Old Banc One stock closed at $ 57.3125 per share on June 12, 1998, the effective date of the merger. For significant periods of time between June 12, 1998 and August 18, 2000, the date this

Complaint was filed, Old Banc One and then Bank One stock traded or closed above $ 57.3125. Moreover, during the same period of time, Old Banc One and Bank One paid dividends totaling $ 3.28 per share.

The theory set forth in the Complaint is that the market was unaware of the alleged misrepresentations and omissions about First USA's earnings until the August 24 and November 10, 1998 press releases. If true, this means that the price of Bank One stock continued to be artificially inflated by the alleged misrepresentations and omissions until the press releases. If a former First Commerce shareholder sold prior to August 24, 1999, she received–according to the Complaint's theory–an artificially inflated price for her stock. If the price inflation at the time of the sale is equal to the inflation at the time of purchase/acquisition, the shareholder has suffered no damage. *See in re Seagate Technology II Sec. Litig.*, 843 F. Supp. 1341, 1349 (N.D. Cal. 1994). Thus, former First Commerce shareholders who sold their Bank One stock for a profit cannot be included in the class. Therefore, all former First Commerce shareholders who sold their stock prior to August 24, 1999 are excluded from the proposed class.

V. No Conflict Between Class Members Who Sold Stock And Those Who Retained It

Defendants next argue that the Lead Plaintiffs, who all retained their stock, have a potential conflict of interest with the class members who sold their stock. Defendants argue that there is a conflict between persons who still own stock of the Defendant corporation and who would theoretically be harmed by a judgment against that corporation, and those who have sold their shares of the Defendant corporation and thus would not be adversely affected by a judgment against the corporation. This is an argument often raised by defendants in opposing class certification in securities cases.

14

We find that this alleged conflict is too speculative and theoretical at this point to serve as a basis for denying class certification or limiting the scope of the class. If the successful prosecution of this case results in a settlement or judgment paid entirely by Bank One's insurers, that result would not adversely affect present shareholders. Moreover, it is possible that a judgment paid by Bank One might not affect Bank One's financial position in a material way. Thus, we find that the conflict suggested by Defendants is too speculative, at this point, to defeat class certification or alter the class definition. *See, e.g., McDonald v. Chicago Milwaukee Corp.*, 565 F.2d 416, 421-22 (7th Cir. 1977).

## CONCLUSION

For the foregoing reasons, Lead Plaintiffs, Thomas Levitan, Janice Fredo, and William Syll, Jr., are hereby appointed as the representatives of the class. Edwin Mills of Stull, Stull & Brody and Joseph Weiss of Weiss & Yourman are appointed as Co-Lead Counsel and Robert Allison of Robert D. Allison & Associates is appointed as Liaison Counsel for the Class. We grant Plaintiffs' motion for class certification (# 40-1) with the modification that the class shall exclude all shareholders who sold their stock prior to August 24, 1999. Therefore, we hereby certify the following class:

> All persons and entities who exchanged their First Commerce common stock for shares of Banc One common stock, pursuant to the Registration Statement and Merger Proxy/Prospectus issued in connection with the June 12, 1998 merger of First Commerce with, and into, Banc One. Excluded from the Class are: a) all persons who sold their stock prior to August 24, 1999; b) Defendants; c) any entity in which a Defendant has a controlling interest or is a part or subsidiary of, or is controlled by

Bank One Corp.; and d) the officers, directors, affiliates, legal representatives, heirs, predecessors, successors and assigns of any of the Defendants.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: March 28, 2003