

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS J. LEVITAN, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) No. 00 C 5096 ) |
| v. | ) Wayne R. Andersen ) District Judge |
| JOHN B. McCOY, RICHARD J. LEHMANN, MICHAEL J. McMENNAMIN, AND BANK ONE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion filed by Defendants Bank One, John McCoy, Richard Lehmann, and Michael McMennamin for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, the motion is denied.

## BACKGROUND

On October 20, 1997, Banc One Corporation ("Old Banc One") and First Commerce Corporation ("First Commerce") entered into a merger agreement and plan (the "Merger"). The Old Banc One and First Commerce shareholders approved the Merger, and it became effective on June 12, 1998. First Commerce shareholders received 1.408 shares of Old Banc One common stock for each First Commerce share held.

On October 2, 1998, Old Banc One merged with First Chicago NBD to form Bank One Corporation ("Bank One"). As a result, every First Commerce shareholder who had become a

Banc One shareholder on June 12, 1998 converted to a Bank One shareholder upon the closing of the First Chicago merger on October 2, 1998.

Plaintiffs in this case are First Commerce shareholders who exchanged their First Commerce common stock for Banc One common stock issued in connection with the Merger between those two corporations and pursuant to the Registration Statement and Merger Proxy/Prospectus. In their Complaint, Plaintiffs allege that Old Banc One overstated earnings by over $ 1 billion in its Registration Statement and Proxy/Prospectus distributed for the Merger and its 1997 and first quarter 1998 financial statements, which were incorporated by reference into those Merger documents. Plaintiffs allege that this overstatement of earnings was the result of Old Banc One's subsidiary, First USA, improperly assessing its cardmembers late fees and other charges in violation of the Truth in Lending Act ("TILA").

As a result of these alleged misstatements, Plaintiffs claim that the Merger was approved and that they acquired shares at a price that was artificially inflated, resulting in an Exchange Ratio that was artificially deflated. On August 24, 1999, Defendants began a series of disclosures which Plaintiffs allege revealed the truth about First USA. Bank One issued a press release announcing preliminary earnings for the third quarter and full year of 1999. In the release, Bank One reported that based on "revised outlooks" it anticipated earnings to be down 7-8% from the current market estimates. Bank One stated that the revised earnings outlook was solely the result of changes in growth for First USA.

Plaintiffs further allege that on August 25, 1999, certain Defendants stated that Bank One would cease First USA's practice of "accelerating" credit card late fees and would provide credit card customers "interest rate concessions" related to First USA's past activities. On August 25,

1999, the price of Bank One common stock fell 22.3% per share from the previous day's closing price. The volume of trading was more than 15 times the daily average trading volume for the previous 52 week period.

In Count I of the Complaint, Plaintiffs allege an action against Bank One for violations of Section 11 of the Securities Act, 15 U.S.C. § 77k. Plaintiffs allege that Defendants overstated earnings in the credit card division and failed to disclose material information with regard to the purported growth of Old Banc One's and First USA's credit card operations and the basis on which such growth was achieved. Count II alleges a similar cause of action against the individual Defendants.

In Count III, Plaintiffs allege an action against Bank One for violations of Section 12(a)(2) of the Securities Act. 15 U.S.C. § 77l(a)(2). Plaintiffs allege that the Registration Statement and Merger Proxy/Prospectus contained materially false and misleading statements. Plaintiffs allege that Bank One breached its duty to make a reasonable and diligent investigation.

In Count IV, Plaintiffs allege an action against the individual Defendants pursuant to Section 15 of the Securities Act. Plaintiffs allege that the individual Defendants failed to make a reasonable investigation of either the Registration Statement or the Merger Proxy/Prospectus.

Defendants have filed a motion for summary judgment. Defendants seek judgment as a matter of law arguing that the one-year statute of limitations bars Plaintiffs' claims because Plaintiffs were on inquiry notice of the facts surrounding the alleged misrepresentations or omissions more than one year before they filed their Complaint. Defendants also argue that they are entitled to judgment in their favor because the supposed misleading statements and omissions

3

were not material to, and would not have swayed, the vote of reasonable First Commerce shareholders given the favorable deal that they received.

## DISCUSSION

Summary judgment will be granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelly & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In responding to a motion for summary judgment, the non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). In analyzing whether summary judgment should be granted, the Court construes all facts and draws all reasonable inferences in the light most favorable to the non-moving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).

### I. Statute of Limitations

Defendants first argue that Plaintiffs' Complaint is barred by the statute of limitations. This case was filed on August 18, 2000 and is subject to a one-year imitations period. Defendants' arguments on this issue, however, have previously been rejected by this Court. When Judge Coar was the presiding judge, Defendants moved to dismiss all of Plaintiffs' claims as time-barred. In so moving, Defendants contended that Plaintiffs were on inquiry notice prior to August 18, 1999 of the facts giving rise to this suit.

Defendants argued to Judge Coar that media reports, consumer lawsuits and an investigation announced by Senator Phil Gramm relating to alleged improprieties at Bank One's First USA credit card division put Plaintiffs on inquiry notice of the facts giving rise to this lawsuit prior to August 18, 1999. By Memorandum Opinion and Order dated September 21, 2001, Judge Coar rejected all of Defendants' statute of limitations arguments, holding:

> Defendants argue that the plaintiff's claims are time-barred under Section 77 of the Securities Act. This court disagrees. . . .
>
> The defendants assert that the filing of other lawsuits against Bank One in April 1999 as well as Senator Phil Gramm's request for an investigation into First USA's practices in May 1999 should have put plaintiff on inquiry notice. The plaintiff argues that he was not put on actual or inquiry notice until August 25, 1999, when Bank One announced that its First USA subsidiary would, inter alia, cease engaging it its previously undisclosed practice of "accelerating" credit card late fees and that the imposition of these measures, combined with customer attrition, was expected to negatively impact Bank One's earnings by at least $500 million.
>
> This court with agrees with the plaintiff's view that he could not have reasonably known before August 25, 1999 that he, personally, had a claim against Bank One. . . .
>
> [I ]t would be unreasonable to believe that [plaintiff] Levitan could have discerned, simply from the press reports of these consumer suits, that he had a viable claim against Bank One. A reasonable investor learning that consumer class actions were filed against First USA claiming that it had payment processing problems would not, from that information, have concluded that either First USA's or Bank One's financial statements were or even may have been materially overstated or prepared in violation of GAAP, particularly when Bank One continued to deny any wrongdoing.
>
> Similarly, the fact that Senator Gramm issued a statement directing the OCC to investigate whether or not First USA had violated TILA is not sufficient to impose inquiry notice on Levitan. . . . In this case, the plaintiff only had notice that an investigation would begin. The plaintiff did not have access to relevant financial documents and therefore could not obtain the requisite knowledge to trigger inquiry notice.
>
> Consequently, the plaintiff's complaint is not time-barred by the relevant statute of limitations.

*Levitan v. McCoy*, No. 00 C 5096, 2110 WL 1117279, at * 5-7 (N.D. Ill. Sept. 21, 2001) (citations omitted).

In moving for summary judgment on limitations grounds, Defendants rely upon essentially the same record -- media reports about First USA, consumer lawsuits against First USA and Senator Gramm's April 1999 request to the Office of the Comptroller of the Currency to investigate the excessive number of customer complaints filed against First USA. Defendants have not persuaded us that we should examine essentially the same record which was presented to Judge Coar and find Plaintiffs' claims barred by the statute of limitations.

First, the law of the case doctrine applies to Defendants' summary judgment motion as to the limitations issue. "The law of the case doctrine provides that once a competent court rules on a question of law, that ruling is generally binding on courts of equal or inferior dignity as to that legal issue between the same or substantially similar parties given the same material facts." *PaineWebber Incorporated v. Farnam*, 870 F.2d 1286 (7th Cir. 1989). Under the doctrine, "a ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it." *Tice v. American Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004) (citations omitted). While the law of the case doctrine does not deprive this Court of the power to act, we should not act to review Judge Coar's ruling unless "firmly convinced (usually on the basis of intervening developments) that an error has been made." *Pilch v. Ashcroft*, 353 F.3d 585, 586-87 (7th Cir. 2003). We are not convinced that Judge Coar's ruling was in error.

Second, Defendants offer no reason why this Court should second-guess Judge Coar's conclusion that Plaintiffs could not have reasonably known that they had a claim against Bank One prior to August 25, 1999.

There has been no change in the applicable law. In their summary judgment motion, Defendants do not cite to a judicial opinion decided after Judge Coar's September 21, 2001 Order. Instead, Defendants principally rely upon *Cashman v. Coopers & Lybrand*, 877 F. Supp. 425, 436-37, n. 14 (N.D. Ill. 1995), a decision considered at length in Judge Coar's Memorandum Opinion and Order. There has been no change in what media reports, consumer lawsuits, announcements of investigations or other supposed indicators existed prior to the filing of this suit. The information which was made public and supposedly put Plaintiffs on inquiry notice, was duly considered by Judge Coar in finding this case timely filed.

Moreover, Defendants may say that the record of media reports and other supposed "indicators" which is now before the Court is not identical to the record which was before Judge Coar. Such minor differences, however, are hardly sufficient to warrant this Court to hold in Defendants' favor on the limitations issue. The only new "evidence" presented by Defendants to this Court with respect to limitations is the recently served report of Plaintiffs' materiality expert, Thomas A. Myers. The report of Mr. Myers, however, which states that he is prepared to testify that the Merger Registration Statement omissions concerning Bank One's unsafe and unsound practices and other facts were clearly material, does not support Defendants' argument on limitations. It is difficult to understand how a 2004 expert opinion report could have put Plaintiffs on notice in 1999. Mr. Myers' opinion, moreover, makes clear that, in opining on materiality, he was relying upon facts known to Bank One, not to Plaintiffs or the investing public at large. There is nothing in the Myers report which can be read to support the proposition that First USA's alleged internal, concealed-from-the-public violations of law were known to Plaintiffs before August 25, 1999.

7

Finally, Defendants' assertion that Judge Coar could not consider the actual statements broadcasted or facts alleged because the parties were before the Court on a motion to dismiss is not correct. In moving before Judge Coar, Defendants submitted voluminous exhibit binders which included television transcripts, news articles, SEC filings and other supposed "indicators." It is clear from the Memorandum Opinion and Order that Judge Coar did carefully consider applicable Seventh Circuit precedent and all of the evidence which Defendants chose to put before him including, but not limited to, Senator Gramm's request for investigation. Defendants make no showing that Judge Coar overlooked anything in the record or that Judge Coar would have ruled any differently if the motion before him had been brought under Rule 56 instead of Rule 12.

For these reasons, Defendants' motion for summary judgment on the limitations issue is denied.

II. Materiality

Defendants next argue that they are entitled to summary judgment because the alleged misleading statements and omissions could not have been material to the vote of the First Commerce shareholders. We disagree.

The Supreme Court has defined the materiality standard for securities fraud cases as "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) (*citing TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)). The Court described this standard as a "fact-specific inquiry." *Id.* at 240. Similarly, the Seventh Circuit, in a case involving a Rule 10b-5 action, held that " 'the

determination of materiality requires delicate assessments of the inferences a reasonable [investor] would draw from a given set of facts and the significance of those inferences to him, and these assessments are particularly ones for the trier of fact;' thus a materiality determination is rarely appropriate at the summary judgment stage. . . ." *Marks v. CDW Computer Centers, Inc.*, 122 F.3d 363, 370 (7th Cir.1997) (*citing TSC Indus.*, 426 U.S. at 450); *see also McGrath v. Zenith Radio Corp.*, 651 F.2d 458, 466 (7th Cir.1981) (noting that materiality is a question particularly for the trier of fact). In *In re First Chicago Corp. Sec. Litig.*, 769 F.Supp. 1444 (N.D.Ill.1991), this Court noted that "[m]ateriality has been characterized as a mixed question of law and fact, and courts have admonished that '[o]nly when the disclosures or omissions are so clearly unimportant that reasonable minds could not differ should the ultimate issue of materiality be decided as a matter of law." ' *First Chicago*, 769 F.Supp. at 1451 (*quoting Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 641 (3d Cir.1989)).

In this case, the evidentiary submissions, the admissions of Bank One's Laban Jackson and other witnesses, as well as the contemporaneous memoranda of Bank One, establish that First USA's alleged regulatory violations prior to, and as of, June 12, 1998 (the Merger date) could be material under the Securities Act of 1933. Plaintiffs present evidence that Defendants attempted to cover up the alleged regulatory violations by First USA, which could also evidence materiality. Moreover, the sudden 20% market drop when the market was first informed of First USA's problems is also evidence that the alleged misleading statements and omissions could have been material to the vote of the First Commerce shareholders.

In arguing for immateriality, Defendants rely almost entirely on the testimony of First Commerce's former Chief Executive Officer, Ian Arnof, that he and other First Commerce

shareholders were "ecstatic" about the terms of the Merger, which he characterizes as "extraordinarily favorable." Arnof, however, also testified that he had no idea about Bank One's alleged regulatory problems when he enthusiastically recommended the Merger, and Defendants offer no evidence that any shareholder of First Commerce knew about First USA's problems. The fact that, at the time of the Merger, Arnof and First Commerce shareholders were pleased with the Merger exchange ratio does not evidence immateriality. They did not know that Bank One allegedly was plagued with regulatory problems which caused Bank One stock to be substantially artificially inflated at the time of the Merger. Thus, Plaintiffs' theory of the case is that Arnof and First Commerce's shareholders were happy as they were with the Merger and Bank One stock at the time of the Merger because they were deceived at the time of the Merger.

Moreover, materiality is not determined by the opinion of one individual, let alone an individual who profited greatly from the Merger which he recommended. Materiality is determined by reference to a typical reasonable investor and by the market as a whole. The 20% market drop immediately after the news of First USA's problems on August 24, 1999, not the opinion of one individual such as Arnof, is the proper test of materiality. *See, e.g., Rubenstein v. Collins*, 20 F.3d 160, 169-70 (5th Cir. 1994); *Peregrine Options, Inc. v. Farley, Inc.*, [1994-95 Tr. Binder], Fed. Sec. L. Rep. (CCH) ¶ 989,313, at 90,183 n.20 (N.D. Ill. March 29, 1994), *aff'd, Peregrine Options, Inc. v. Farley, Inc.*, 1994 WL 110396 (N.D. Ill. 1994).

For these reasons, we conclude that the materiality of the misrepresentations at issue in this case is a question better left to the trier of fact. Plaintiffs present evidence to show that the alleged regulatory violations could be material as a matter of law. The record presents, at the

very least, evidence creating a question of material fact on this issue, thereby precluding summary judgment in Defendants' favor.

## CONCLUSION

For the foregoing reasons, we deny the motion of Defendants Bank One Corporation, Richard Lehmann, Michael McMennamin, and John McCoy for summary judgment.

It is so ordered.

                                        Wayne R. Andersen
                                        United States District Judge

Dated: March 17, 2005